## PORTIS ET AL. vs. NEWMAN AND WIFE.

[MOTION TO DISMISS APPEAL.]

1. *Appeal; for failure to state what, in clerk's certificate, will be dismissed.*—On an appeal, if the clerk, in his certificate to the transcript, fails to state "that an appeal was taken and the time when," the case will, on motion of appellee, be dismissed.

2. *Same; certiorari, when will not be granted.*—In such a case, a *certiorari* to obtain a better certificate will not be granted, unless it appears from the transcript, or otherwise, to the satisfaction of the court, that a better certificate can be made.

APPEAL from the Circuit Court of Clarke.
Tried before the Hon. J. K. HENRY.

THE appellees move the court to dismiss the appeal in this case, because the certificate of the clerk to the transcript does not show that any appeal was taken, and because the transcript does not give the court jurisdiction of the case. The clerk's certificate to the transcript first filed, is as follows :

"State of Alabama, ⎱ I hereby certify that the foregoing
  Clarke county. ⎰ is a true, complete, and correct transcript of the proceedings in the case of *Newman v. Portis et al.*. This 12th day of December, 1868.

  "Attest:  N. B. WILSON, Clerk of the Circuit Court."

In return to a *certiorari*, the clerk sent up the same proceedings, &c., as in the first transcript, with the following certificate :

"State of Alabama,  )    In the case of *Newman v. Portis*
   Clarke county.  )  *et al.*, I, N. B. Wilson, clerk of the
circuit court, in said county and State, do hereby certify
that the foregoing pages, from one to six, inclusive, contain
a true and correct transcript of the proceedings in afore-
said case, as taken from the records in my office. In wit-
ness whereof, I have hereunto set my hand, and the seal of
my office, this February 10th, A. D. 1869.

                        "N. B. Wilson, [L. S.]
           "Clerk of the Circuit Court, Clarke county, Ala."

The appeal bond referred to in the opinion, was signed
in the presence of "W. W. Armistead, J. P. & James W.
Gordon," and does not appear to have been approved by
the clerk, or filed in his office. The bond is not dated.

   Chilton & Phelan, for motion.
   S. J. Cummings, *contra.*

*Per curiam.*—The appellees submitted a motion to dis-
miss this case, upon the ground that the certificate of the
clerk to the transcript, is defective and insufficient, in not
stating that an appeal was taken, and the time when. To
sustain their motion, they refer to the 22d rule of practice
of this court, and § 3492 of the Revised Code.

   The appellants resist this motion, and submit a counter
motion for a *certiorari* to the clerk of the court below, to
obtain a better certificate, and refer to the case of the
*Alabama & Mississippi Rivers R. R. Co. v. Hungerford*, 41
Ala. 388.

   In that case, a similar motion was made and granted,
but it was granted for the reason, that such better certi-
ficate could be made. The transcript in this case fails alto-
gether to show that any better certificate can be made.
The bond referred to in the transcript, by the appellants'
counsel, utterly fails to show that an appeal had been
taken ; besides, it appears to have been taken by a magis-
trate, and not by the clerk of the court ; and, further, it
bears no evidence that it was regularly filed with the clerk,
or that it was, in any manner, approved of by the clerk. It
may also be stated, that the appellants have already had

the benefit of one *certiorari*, for the purpose of perfecting their transcript, without accomplishing their purpose. The motion for a *certiorari* must, therefore, be denied.

The certificate of the clerk altogether fails to comply with the requirements of the Code, and the said rule of practice of this court, and, therefore, the motion of the appellees must prevail.

Let the case be dismissed at the costs of the appellants.