BETHUNE ET AL. *vs.* HALE, GUARDIAN.

[ACTION ON PROMISSORY NOTE.]

1. *Circuit court, order made in conformity to rule nisi ; when not erroneous.*
An order of the circuit court, made in conformity with the command of this court, on a rule *nisi*, granted on petition for *mandamus*, is not error. The making of such an order, in conformity with the command of this court, is but the execution of a decree of this court, and is necessarily final.

2. *Contract made in* 1863 *; judgment, when not prematurely rendered.*—H sued B in an action of debt, on a promissory note made June 1, 1863, in the circuit court of Bullock county ; the suit was commenced March 18, 1867, and judgment by default was rendered for plaintiff on the 30th day of April, 1868 ; such judgment was not prematurely rendered. This court will take judicial notice that April 30, 1868, was a day of the spring term of the circuit court of said county of Bullock, in the year 1868, and which was the third term after the commencement of said suit.—Pamph. Acts, 1866–67, pp. 604, 607 ; Rev. Code, § 750, p. 233.

APPEAL from Circuit Court of Bullock.
Tried before Hon. J. McCALEB WILEY.

W. C. McIVER, for appellant.
J. N. ARRINGTON, *contra.*

[The briefs did not come into the Reporter's hands.]

PETERS, J.—On the 30th day of April, in the year 1868, the appellee, who was plaintiff below, obtained judgment in the circuit court of Bullock county, against the

appellants, who were defendants below, for the sum of thir-
teen hundred and ninety-seven dollars damages, besides
costs.  This recovery was by action of debt, founded on a
promissory note, alleged to be for Confederate money.  On
the 10th day of February, 1869, this judgment was set
aside, and a new trial granted in said cause, by said circuit
court, on the motion of said defendants.  Afterwards, upon
order *nisi* of Supreme court of this State, granted on peti-
tion for *mandamus*, the order for a new trial in said cause
was set aside by said circuit court, and said judgment was
restored and reinstated in full force and virtue."  This lat-
ter order was made in said circuit court on the 24th day of
November, 1869, in conformity with the order of this court,
granted as above said.  From this latter order the appel-
lants appeal to this court, and here assigns the following
errors, viz:

1st, The court erred in rendering the judgment by de-
fault in the court below on April 30th, 1868.

2d, The court erred in rendering said judgment.

3d, The court erred in setting aside the order granting
a new trial, and in declaring said order null and void.

4th, The court erred in rendering the judgment of No-
vember 24th, 1869.

5th, The court erred in its judgment of November 24th,
1869.

These assignments raise two questions:  One on the va-
lidity of the judgment of April, 1868; and the other on the
order of 1869.  There is no appeal from the judgment of
1868, and as it was a judgment of a court of competent
jurisdiction, and all the parties to the proceedings had
proper and legal notice thereof, it can not be assailed except
on appeal, or in chancery for fraud.  Then, the question
first above mentioned must be determined in favor of the
validity of said judgment.

The second question must also be determined against
the appellants.  The court below, in making the order of
November, 1869, from which this appeal is taken, but
obeyed the command of this court.  In this there was no
error.  This court is clothed with " power to issue writs of
injunction, *mandamus, habeas corpus, quo warranto,* and such

other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdiction."—Const. Ala. art. 6, § 2. Under this authority the order of the circuit court now complained of was, in effect, an adjudication of this court. And if the court below did not transcend the command of this court, the order made in conformity with such command is necessarily final. Such is the order here.

The judgment of the court below is, therefore, affirmed, at appellant's cost.

NOTE BY THE REPORTER.—At a subsequent day [of the term, the appellant applied for a rehearing. The application did not come into the Reporter's hands. The following response was made thereto, by—

PETERS, J.—A rehearing is applied for in this case, on the ground that the court mistook the judgment appealed from in forming its opinion. There are two judgments in the transcript; one rendered April 30, 1868, and found at pages two and three of the transcript; another rendered November 24, 1868, found on pages eight and nine of the transcript. Under this last judgment, there is this entry : " We, Roderick Bethune and A. J. Bethune, hereby bind ourselves as security for costs of the appeal to the Supreme Court of the State of Alabama, this day taken by the defendants in the above stated case of Samuel Q. Hale, guardian, v. Roderick Bethune and L. McKinnon. April 26, 1870." This obligation naturally refers to the case immediately preceding it. This was " the above stated case." The notice of appeal, it is true, refers to the judgment at pages two and three. But the notice is no part of the appeal. The appeal must be taken before the notice can be given. The certificate of appeal attached to the transcript, and the obligation for costs, point out the judgment and the case appealed from.—*Portis et al. v. Newman and Wife*, 43 Ala. 506 ; Revised Code, p. 818, Rule 22 ; Revised Code, §§ 3485, 3492, 3509. Both the bond for costs of appeal and the certificate seem to refer to the same case, that is, the case " above stated ;" which is the last judgment men-

tioned in the transcript, and one upon which errors are assigned. But it is also true that errors are assigned on the former judgment. In this view of the appeal, the affirmance was correct.

But if the appeal was taken from the judgment of April 30, 1868, then a different question is presented, which it is insisted was not considered in the opinion of the court.

The action is debt, founded on a promissory note made on June 1, 1863. It is, therefore, in that class of cases in which no judgment could be rendered by default until the third term after the commencement of the suit.—Revised Code, §§ 2660, 2661, and acts there referred to. This action was commenced March 18, 1867, and the judgment was rendered on April 30, 1868. At that time the county of Bullock had been created and attached to the eighth judicial circuit, and was entitled to have two regular terms of its circuit court in each year, to be held on the *fifth* Monday after the *fourth* in March and September.— Pamph. Acts 1866–7, p. 65, No. 84, and p. 604, No. 551; *Eighth Circuit*, p. 607. And under the Revised Code, which was proclaimed on December 19, 1867, and went into operation on February 17, 1868, said county of Bullock was entitled to a regular term of its circuit court on the fifth Monday after the fourth Monday in March, 1868.—Gov. Patton's Procl. Rev. Code, pref. pp. iii, iv; Act, § 8; *ib.* p. 233, *Eighth Circuit.* The judgment in this case was rendered on April 30, 1868. This court judicially knows that this was a day of the regular spring term of Bullock circuit court for the year 1868, and that it was the third regular term of said circuit court after the commencement of said suit. This was sufficient. The act referred to by the learned counsel for appellants is not in conflict with the act above referred to, and both bear the same date. They may therefore be regarded as parts of the same law. Acts 1866–7, p. 631, No. 582; Act No. 551, *supra.* Then the judgment under either law was not prematurely rendered.—Rev. Code, § 2565.

The rehearing is denied, with costs.